# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1477V

SOPHIA HASLUP,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: November 7, 2025

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 20, 2024, Sophia Haslup filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on October 29, 2021. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 15, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 20. On November 7, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $117,500.00 in pain and suffering and $10,670.13 in past unreimbursable expenses.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer at 2, ECF No. 30. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $128,170.03 for pain and suffering and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

SOPHIA HASLUP,

              Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.

Case No. 24-1477V (ECF)

CHIEF SPECIAL MASTER
CORCORAN

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Procedural History**

On September 20, 2024, Sophia Haslup ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on October 29, 2021.  Petition at 1.

On May 12, 2025, respondent filed his Rule 4(c) Report, conceding entitlement in this case because petitioner met the criteria to establish a presumptive Table SIRVA injury.  ECF Doc. No. 19 at 1, 6-8.  On May 15, 2025, the Court issued its Ruling on Entitlement, finding that petitioner was entitled to compensation.  ECF Doc. No. 20.

## II.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$128,170.03**. The award is comprised of the following: $117,500.00 for pain and suffering and $10,670.13 for unreimbursable out-of-pocket medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) regarding her October 29, 2021 flu vaccination. Petitioner agrees.[1]

## III.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$128,170.03**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*

MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: November 7, 2025